IN THE UNITED STATES BANKRUPCTY COURT FOR THE NORTHERN
DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

TAWANNA SAVAGE,

Debtor / Movant

vs.

PENNYMAC LOAN SERVICES, LLC

Respondent

CASE NO. 23-60775-TJ23

CHAPTER 13

Filed in U.S. Bankruptcy Court
Northern District of Georgia
Vania S. Allen, Clerk
2:00 PM
JAN 24 2024

By: _____
Deputy Clerk

## RESPONSE TO OBJECTION TO CONFIRMATION OF PLAN AND MOTION TO DISMISS CASE AND OBJECTION TO PRE-PETITION ARREARAGE CLAIM

COMES NOW, Tawanna Savage, Debtor and Movant and hereby files her *RESPONSE TO OBJECTION TO CONFIRMATION OF PLAN AND MOTION TO DISMISS CASE AND OBJECTION TO PRE-PETITION ARREARAGE CLAIM* brought by Evan Durkovic, Attorney for Creditor (hereinafter 'PennyMac' aka PennyMac Loan Services, LLC) disputing the claim.

### I. FACTUAL BACKGROUND

PennyMac brings their Proof of Claim filed in this Bankruptcy Court January 10, 2024 without responding to a "qualified written request" [QWR] pursuant to the Real Estate Settlement and Procedures Act (section 2605(e)) sent to PennyMac on December 8, 2023. The QWR requested, among other things:

1. A complete payment history which lists the dates and amounts of all payments made to date and show how each payment was applied or credited (whether to principal, interest, escrow, suspense, or some other treatment);

2. A breakdown of the amount of claimed arrears or delinquencies on the account, including an itemization of all fees and charges claimed as currently due;

3. The payment dates, purpose of payment, and recipient of any and all foreclosure fees and costs that have been charged to the account;

4. The payment dates, purpose of payment, and recipient of all escrow items charged to the account since October 2017 to date;

5. A breakdown of the current escrow charge showing how it is calculated and the reasons for any increase within the last twenty-four [24] months;

6. A copy of any annual escrow statements, and notices of a shortage, deficiency, or surplus, sent to Debtor within the last three (3) years;

7. The current balance in any suspense account as of January 10, 2024 and the reason why such funds were deposited in the account; and, most importantly,

8. A validated accounting on how the funds received from the Georgia Home Owners Assistance Fund (GHAF) in the amount of Fifty-Thousand Dollars ($50,000.00) paid to Debtor's 'account' on August 25, 2023 were applied.

### III. ARGUMENT AND CITATIONS OF AUTHORITY

PennyMac has never provided a valid Proof of Claim to the Bankruptcy Court and adjustments that were made or should have been made were never submitted to the Trustee. Under the CARES Act H.R.748 - CARES Act 116th Congress (2019-2020, (Sec. 4022) Borrowers who have federally backed mortgages and are experiencing financial hardship during the COVID-19 outbreak may request a forbearance on their mortgage payments.

The forebearance payments cannot be requested in a 'lump sum' payment. These payments are required to be placed as a partial claim lien which is payable at refinance or if the property is sold.

Objecting to a claim that is filed allows the Debtor / Movant to respond to the motion or withdraw/amend the claim properly [re Hoggle, 12 F.3d 1008 (11 th Cir. 1994)]. The only way in which to fix a fraudulent proof of claim that is filed is to object to it which is being done officially in this protestation.

Bankruptcy bookkeeping is different than the bookkeeping regularly applied under RESPA. In example, Fifth Circuit, it is very clear, however, that the Bankruptcy Code requires a creditor to differentiate between prepetition obligations and the post-petition obligations they are allowed to collect under § 1322(b)(5).

1. The Court has authority under §105(a) to order disgorgement of postconfirmation fees charged where there is not a proper 2016 application or where the creditor has violated the plan. The potential for violation of Debto's plan is inherent in PennyMac's non-compliance with the QWR request.

2. Debtor / Movant makes it clear to the Court that the claims made by PennyMac are not valid, particularly in relation to fees and undisclosed charges. In re Stewart, Slip Copy, 2008 WL 5096011 (Bankr. E.D. La. 2008)(Court ordered audits of all proofs of claim in the District pursuant to §105(a) where it was determined that payments had been misapplied); In re Parsley, 384 B.R. 138 (Bankr. E.D. Tex. 2008).

3. PennyMac's Proof of Claim to the Bankruptcy Court on January 10, 2024 asserted an arrearage in the amount of Thirty-Four Thousand Eight Hundred

Twenty-Four Dollars and 38/100 ($34,824.38). However, this is 'just a stated claim' and does not provide the Court any authentication that that claim is true nor has there been any response to the QWR request from Debtor on December 8, 2023.

4. Debtor asks for careful analysis of the claim filed by PennyMac to make certain that actual pre-petition obligations owed were verified as pre-petition arrearage, (§1322(b)(5). Under both the requirements of RESPA and the Bankruptcy Code, a servicer must carefully allocate obligations which accrue prior to the filing of the petition and are thus part of the arrearage claim.

5. NOE regulations codified at § 1024.35 of Regulation X are enforceable by way of a private right of action under RESPA. Eleventh Circuit reached that same answer a few years earlier in *Lage v. Ocwen Loan Servicing LLC*, 839 F.3d 1003, 1007 (11th Cir. 2016) ("If the servicer fails to respond adequately to the borrower's notice of error [as Regulation X requires], then the borrower has a private right of action to sue the servicer under RESPA."). This Claim has been asserted under 12 U.S.C. § 2605(k).

6. 12 U.S.C.§ 2605(k)(1)(E) also imposes another potentially relevant obligation. Namely, a servicer may not "fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter." 12 U.S.C. § 2605(k)(1)(E). One such obligation is set forth in Regulation X and, more specifically, 12 C.F.R. § 1024.35. Indeed, the *Bayview* Court specifically referred to § 2605(k)(1) as one of the statutes on which the CFPB relied in adopting that regulation. *Bayview*, 2021 WL

664059, at *7. And § 2605(f) creates a private right of action for violations of "this section," which would appear to include violations of § 2605(k)(1).

7. Servicer may not "fail to 'take timely action to respond to a borrower's requests to [correct errors relating to] allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties.'" (See Id. at #845 (quoting 12 U.S.C. § 2605(k)(1)(C))); § 2605(k)(1), in combination with § 2605(f), provides Plaintiffs a valid legal basis for alleging that a violation of the obligations imposed by Regulation X gives rise to the potential for liability under RESPA.

8. Plausible allegations exists that PennyMac violated obligations it owed to Debtor under RESPA 12 C.F.R. § 1024.35, which is part of Regulation X. Written NOE in the form of a Fraud Complaint to HUD and PennyMac in 2018 and continuously during a former Chapter 13 proceeding whereby PennyMac was directly notified they must either correct the errors or conduct a "reasonable investigation" before informing the borrower that no error occurred. Factual allegations have been made detailing the ways in which Debtor believe that errors occurred, and in which PennyMac failed to reasonably investigate. That suffices to plausibly allege a claim.

9. To date, PennyMac has neither offered a validated breakdown of cost nor supporting documented reason why the figures provided as arrearage claims are legitimate. Not just any reason or unsupported claim will do. Rather, the rationalization must be the result of a "reasonable investigation." 12 C.F.R. § 1024.35(e)(1)(i)(B).

10. Lack of documentation when alleging Debtor owes a specific amount on the mortgage arrears seems an unreasonable resolution. Debtor / Movant alleges damages allow her to proceed past the motion to dismiss and are not issues that the Court can reach in resolving a motion to dismiss at this stage. In essence, PennyMac asks this Court to determine 'as a matter of fact' and at the motion to dismiss stage that PennyMac did nothing wrong.

11. PennyMac's repeated failure to comply with RESPA resulted in (1) charging Debtor improper late fees, penalities, or charges due to PennyMac's accounting errors and the misrepresentations its agents allegedly made, and (2) the impending necessity of paying legal fees for an attorney to assist, at least for pleading purposes, as related to the embedded Motions to Dismiss in the January 16, 2024 filing by Evan Durkovic on behalf of PennyMac (*See, e.g., Lanton v. Ocwen Loan Servicing, LLC*, 793 Fed.Appx. 398, 401 (6th Cir. 2019).

12. To assure accuracy, Debtor / Movant requires the Trustee to verify that the pre-petition obligation is facially correct and there is not an effort by a creditor to collect a pre-petition claim in a more aggressive manner than required by the Bankruptcy Code itself, *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348 (5th Cir. 2008).

13. Debtor / Movant avers issues regarding PennyMac's misappropriation of HUD 203K Restoration Funds that were returned by Debtor November 2019 in the amount of Ten Thousand Four Hundred and Sixty-One Dollars and 61/100 ($10,461.61), two unapplied mortgage payments approximately Three Thousand Three Hundred and

Forty-Two Dollars ($3,342.00) from October and November 2018; and a Fifty-Thousand Dollars ($50,000) grant from the Georgia Homeowner Assistant Fund (GHAF) received by PennyMac August 2023.

## IV. CONCLUSION

1. Debtor is unable to provide on the Schedule the amount of arrears, if they exist, to be included on the Bankruptcy Plan since PennyMac has not provided a valid claim. For this reason, Debtor is unable to provide an amount due regarding 'mortgage' as PennyMac has not responded to the QWR request.

2. Debtor / Movant entreats the Court to require PennyMac to validate it's claim to the Bankruptcy Court in order to move the process forward.

3. Debtor / Movant opposes PennyMac's objection to Confirmation as well as the Motion to Dismiss Case on the grounds that the Debtor has shown misappropriations and financial discrepancies in PennyMac's application of federal funds that were returned to them under the HUD 203K loan program, unapplied payments, and non-reporting to the Trustee regarding Debtor's Fifty-Thousand Dollar ($50,000) Grant Award from the Georgia Homeowner Assistant Fund.

4. Debtor / Movant requires that PennyMac validate their Proof of Claim as there are considerable disparities raised by Debtor as to what is claimed as owed to PennyMac that require oversight by Debtor / Movant and Trustee since the overpayment of funds will become part of Debtor's estate pursuant to 11 U.S.C. § 541(a)(1)(7). See, Parker v. Wendy's Intern., Inc., 365 F. 3d 1268 (11th Cir. 2004).

5. Such action will not violate §524(i)... as amended by BAPCPA, sections 1322(b)(2) and 1322(b)(5).[1]

Debtor / Movant request that the Court deny PennyMac's *OBJECTION TO CONFIRMATION OF PLAN AND MOTION TO DISMISS CASE* due to the fact that the actual amount owed has not been validated and the GHAF Grant in the amount of Fifty Thousand Dollars ($50,000) has not been applied to Debtor's estate for qualified use under the authorized agreement.

Date: January 24, 2024

Respectfully submitted

*Tawanna Savage /s/*

Ms. Tawanna Savage
Pro Se/ Movant
2254 Old Salem Road, SE
Conyers, Georgia 30313
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com

---

[1] 11 U.S.C. §524(i) provides: (i) The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) [discharge injunction] if the act of the creditor to collect 12 and failure to credit payments in the manner required by the plan caused material injury to the debtor. This new cause of action is contingent upon the plan providing specific language regarding how plan payments are to be applied.

IN THE UNITED STATES BANKRUPCTY COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| TAWANNA SAVAGE, | * |
| | * |
| | *   DOCKET NO: 23-60775 – TJ23 |
| Debtor / Movant, | * |
| | *   CONTESTED MATTER |
| vs. | * |
| | * |
| PENNYMAC LOAN SERVICES, LLC | * |
| | * |
| Respondent. | * |

CERTIFICATE OF SERVICE

The undersigned hereby swears or affirms that a copy of the foregoing pleading has been mailed to the following with sufficient postage affixed thereto to ensure delivery by first-class United States mail or by electronic means pursuant to *Fed. R. Civ. P.(b)(2)(D)* and *Fed. R. Bankr. P. 9022* upon the following to wit:

PennyMac Loan Servicing, LLC
Evan Durkovic, Attorney for Creditor/Aldridge PITE, LLP
Six Piedmont Ctr, 3525 Piedmont Road, N.E., Suite 700
Atlanta, Georgia 30305

Melissa J. Davey
Chapter 13 Trustee
233 Peachtree Street, N.E. Suite 2255
Atlanta, Georgia 30303

Date: January 24, 2024

Respectfully submitted,

*Tawanna Savage /s/*

Ms. Tawanna Savage, Pro Se/ Movant
2254 Old Salem Road, SE
Conyers, Georgia 30313
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com