B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Tawanna Savage | PennyMac Loan Services. LLC |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Tawanna Savage, Pro Se, 2254 Old Salem Rd, SE Conyers, Georgia 30013; 678-629-1974 | Evan Durkovic, Aldridge PITE, LLP, Six Piedmont Center, 3525 Piedmont Road NE Ste 700 Atlanta, Georgia 30305 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| XX Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin XX Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of Section 8 of Real Estate Settlement Procedures Act [RESPA]; Violation of the Fair Debt Collection Practices Act (FDCPA); Fraudulent Deed / Mortgage Fraud

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| XX 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| ☐ 21-Validity, priority or extent of lien or other interest in property | XX 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | |
| **FRBP 7001(3) – Approval of Sale of Property** | **FRBP 7001(7) – Injunctive Relief** |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ ☐ 71-Injunctive relief – imposition of stay   72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |

2024 MAR 21  AM 9: 19

FILED U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GA

U.S. OFFICE BY: VANIA ALLEN

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims  62-Dischargeability - §523(a)(2), false pretenses, false representation,

☐ 01-Determination of removed claim or cause — actual fraud — Other

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

**XX** 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ To Be Determined |

Other Relief Sought
 Damages (to include punitive under Actual and Statutory).

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Tawanna Savage | BANKRUPTCY CASE NO.<br>23-60775 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Georgia | DIVISION OFFICE | NAME OF JUDGE<br>Wendy L. Hagenau |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

*Tawanna Savage* (signature)

| DATE<br>3/18/2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Tawanna Savage |
|---|---|

IN THE UNITED STATES BANKRUPCTY COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

|  |  |  |
|---|---|---|
| TAWANNA SAVAGE, | * | Case No. 23-60775-TJ23 |
| Pro Se | * |  |
| Plaintiff, | * | Chapter 13 |
|  | * |  |
| | * | COMPLAINT |
| vs. | * |  |
|  | * |  |
| PENNYMAC LOAN SERVICES, LLC | * | JUDGE WENDY L. HAGENAU |
|  | * |  |
| Defendant | * |  |

## COMPLAINT AND REQUEST FOR ADVERSARY HEARING

COMES NOW Plaintiff, Tawanna Savage, with a complaint and request for adversary hearing against Defendant PennyMac Loan Services, LLC (hereinafter 'PennyMac'), states and alleges the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff Tawanna Savage bring about this action against Defendant PennyMac to compel a recission of claimed arrearages, dispute a claim, and assert various violations of both federal and state laws and to seek damages related to those violations.

## II. JURISDICTION AND VENUE

1. Jurisdiction of the Bankruptcy Court in this matter is pursuant to 28 U.S. Code § 1334 and 28 U.S. Code § 157 as a core proceeding.

2. The Court has supplementary jurisdiction over the Plaintiff's state law claims purusant to 28 U.S. Code § 1367.

1

### III. PARTIES

1. Plaintiff, Tawanna Savage, is a living being residing at 2254 Old Salem Road, SE, Conyers, Georgia 30013 and is the Debtor in the above referenced case.

2. Defendant, PennyMac, does not appear to list a principal executive office, thus Plaintiff provides the only known 'official' address for this entity's contact as it regards the matters related to this adversary: Mortgage Compliance Manager, 2000 North Classen  Blvd #3200, Oklahoma City, OK 73106 as well as the attorney of record, Evan Derkovic (see Certificate of Service).

### IV. CAUSES OF ACTION

1. Fraud:  PennyMac filed a fraudulent security deed and note at the Rockdale County Court House as it relates to the purchase of the property known as 2254 Old Salem Road, SE, Conyers, GA  30013.

2. RESPA Violation: Defendant PennyMac provided documentation to the Plaintiff that they were indeed, Plaintiff's loan servicer.  Defendant received a written request relating to servicing of a mortgage loan.  Defendant failed to respond adequately (from December 8, 2023 to date March 19, 2024).  Plaintiff is entitled to actual or statutory damages *12 U.S.C. § 2605(f); Tonea v. Bank of Am, N.A., 6 F. Supp. 3d 1331, 1346 (N.D. Ga 2013)*.

3. Conversion of Funds: 203k Contingency into cash and drawing from the funds in violation fo 18 U.S.C. § 644.

4. Injury to credit standing after Plaintiff was forced to seek Chapter 13 protection, forcing use of personal funds while withholding Hard Cost and Contingency Funds for 19 months.

2

5. Placed undue extreme stress on Plaintiff who experienced an abnormal rise in her blood pressure within 30 days of discovery of the conversion of 203k Contingency funds to cash.

5. Defendant refused to adjust their demand to Lift Stay against Debtor after she exposed their wrongdoing.  who was admitted to hospital in a coma which endocrinologist identifed as stress induced diabetes;

6. Misapplied mortgage of Plaintiff/Debtor by combining Real Estate purchase of One Hundred and Twenty-Five Thousand dollars and with Hard Cost of repairs in the amount of Eighty-Four Thousand Eighteen Dollars ($84,018) and 203K Contingency Reserve the amount of Twelve Thousand Six Hundred and Two Dollars ($12,602) for a total escrowed funds to Academy Mortgage Corporation in the amount of Ninety-Six Thousand Six Hundred and Twenty-Dollars ($96,620) inventing a fraudulent security deed, note and mortgage *18 U.S. Code § 1341.*

7. Misapplied mortgage payments from a Plaintiff to principal and interest, incorrectly assessed late fees, improperly accelerated The Plaintiff's note and inappropriately reported the delinquency to the credit bureau.

8. Misapplied mortgage payments from a Georgia Homeowner's Assistant Fund in the amount of Fifty-Thousand Dollars ($50,000.00), *2020 Georgia Code § 16-8-4.*

## V. ESSENTIAL ELEMENTS

1. False representation made by Defendant PennyMac that Debtor owes Thirty-Four Thousand Eight Hundred and Twenty-Four Dollars and Thirty-Eight Cents ($34,824.38) in their Proof of Claim because Defendant did not adhere to the

requirement that the claim must be made on an Official Form 10 thats show if the fees claimed are legal.

2. Defendant PennyMac's knowledge that an act or conduct was wrongful and with intent and malice acted despite this knowledge. This element of liability and fraud inflicted financial injury on Plaintiff which later manifested into physical injury due to stress.

3. Defendant PennyMac induced the plaintiff to act on reliance that they were the legitimate holder of a unified mortgage which Plaintiff learned over the years was not true.'new mortgagee', and therefore their notice monthly mortgage paymentsin initial amount of One Thousand Six Hundred and Fifty-Six Dollars ($1656.00) is what the Plaintiff was misled to believe was truthful;

4. Defendant PennyMac promulgaged an environent of justifiable reliance by the  Plaintiff because of the notification Plaintiff received.

  a. The filing of a Proof of Claim by PennyMac in Plaintiff's previous
     case #18-66599-PMB was thought, at the time, to be truthful since
     Plaintiff's attorney, Lorena Saedi of Saedi Law Group, LLC did not
     file an objection to the Claim and Plaintiff was under the reasonable
     expectation that PennyMac knew or should have known if the claim
     was valid.

5. That, while Defendant PennyMac Proof of Claim was unchallenged, it caused financial damage to Plaintiff because of the withholding of 203K Hard Cost of Repairs and 203K Contingency Reserve funds from Plaintiff  beginning January 2018 through August 2019 causing Plaintiff to pay out of pocket for essential work

(i.e., adding electrical sockets, septic service) in order for Plaintiff to occupy the unfinished home.

Physical damage to Plaintiff manifested into illness due to stress because of the the constant threat from PennyMac that they intended to foreclose on the unfinished property while still denying Plaintiff access to her 203K Hard Cost of Repairs and 203K Contingency Reserve funds (*Marriott Corp. v. American Academy of Psychotherapists, Inc., 157 Ga. App. 497, 277 S.E.2d 785 (1981)*).

## V. SUPPORTING FACTS AND EVIDENCE

1. Academy Mortgage (hereinafter, 'Academy') - for the real estate known as 2254 Old Salem Road, SE, Conyers, GA 30013 closed Plaintiff using the Law Office of Brannen Campbell and Brannon located at 3060 Peachtree Road, Suite 1735, Atlanta, Georgia 30305 on August 8, 2017 in the amuount of One Hundred and Twenty-Five Thousand Dollars ($125,000) paid to seller A.R.A. 1, LLC., 4280 Ashford Dunwoody Road, SE, #A444, Atlanta, GA 30338.   The sale of the 'fixer-upper' property listed above was the only real property transaction that took place on August 8, 2017 (Settlement One, Exhibit A, page #1).

2. Academy and Plaintiff(s) participated in a second Settlement transaction at the Law Office of Brannen Campbell and Brannon located at 3060 Peachtree Road, Suite 1735, Atlanta, Georgia 30305.  The second Borrower's Settlement Statement was for the 203K Hard Cost of repairs alloted to 'fix-up' the property in the amount of Eighty-Four Thousand Eighteen Dollars ($84,018) and 203K Contingency Reserve in the amount of Twelve Thousand Six Hundred and Two Dollars ($12,602) to use in

the event of unseen problems (i.e. plumbing, foundation, or roofing issues) for a total

escrowed funds to Academy Mortgage Corporation on behalf of Plaintiff(s) in the

amount of Ninety-Six Thousand Six Hundred and Twenty-Dollars ($96,620)

specifically for repairs on the property known as 2254 Old Salem Road, SE, Conyers,

GA 30013 (see Exhibit A, pages 2 and 3).

3. The 203K Hard Cost Repairs and 203K Contingency Reserve was never a

part of the real estate transaction in the amount of One Hundred and Twenty Five

Thousand Dollars ($125,000) and therefore not a part of a Debtor mortgage or an

alleged claim by PennyMac as part of their 'mortgage'.

4. The 203K Hard Cost of repairs alloted to 'fix-up' the property in the amount

of Eighty-Four Thousand Eighteen Dollars ($84,018) and 203K Contingency Reserve

in the amount of Twelve Thousand Six Hundred and Two Dollars ($12,602) never

left physical control of Academy Mortgage Corporation (see Exhibit A, pg 3).

### VI. ACTUAL FACTS OF INJURIES CAUSED BY PENNYMAC'S INTERFERING IN PLAINTIFF AND ACADEMY MORTGAGE CORPORATION'S SECOND SETTLEMENT INVOLVING THE USE OF 203K HARD COST OF REPAIRS & 203K CONTINGENCY RESERVE FUNDS

1. Academy Mortgage Renovations Draw Specialist, Janet Murray, stated to

Plaintiff several times from February 2018 – 2019 that PennyMac would not allow

the release of the funds.

2. Plaintiff was required by PennyMac to make full payments for the house

purchase and the funds held by Academy in the amount of $1656.00 from October

2017 – March 2018 all the while making rental payments in the amount of $1250 per

month to the landlord on the home she rented while renovations were going on.

3. Renovations on the HUD Restoration was stopped by PennyMac and no payments released for repairs from December 2017 – August 2019.

4. Due to the financial strain caused by making 'mortgage payments' and rental payments, Plaintiff was forced to make a choice on whether to repair the house or renew the lease September 30, 2018 to assure she had a roof over her head.

5. Plaintiff chose to use her own personal funds from March 2018 – September 2018 to hire an electrician wire a 'kitchen' socket and a septic tank company to pump the tank order to minimally live in the unrepaired home and unburden herself from a second house lease.

6. All the while, PennyMac refused to allow Academy to release restoration funds from December 2017 – August 2019 and began foreclosure procedings against Plaintiff within a few months (approximately April 2018) causing her to seek protection under Chapter 13 on October 1, 2018.

7. For Eleven Months of the first year of the Chapter 13 (October 2018 -August 20 2019), Plaintiff was forced to restart mortgage payments to PennyMac in the amount of One Thousand Six Hundred and Seventy-One Dollars ($1671.00) monthly while PennyMac filed a Proof of Claim for arrears in the amount of Seventeen Thousand Nine Hundred and Eighty Seven Dollars ($17,987.00) which caused Plaintiff to pay One Thousand Four Hundred Dollars ($1400) a month in to Chapter 13 Plan Payment to the Trustee - all the while the home was still unrepaired.

8. Plaintiff was unable to access the remaining 203K Hard Cost of repairs alloted to 'fix-up' the property in the amount of Fifty Thousand Seven Hundred and

Ninety Dollars and Ninety-Nine Cents ($52,790,99) and 203K Contingency Reserve in the amount of Twelve Thousand Six Hundred and Two Dollars ($12,602) for eighteen months along with Inspection Fee funds in the amount of Six Hundred Thirty-Five Dollars (635.00); see Exhibit A, pg 3, 'Janet's Oct 10, 2018 Memo).

9. Finally, after a 'back-and-forth' up to a demand with Debtor's attorney at that time, Lorena L. Saedi, this Plaintiff 'moved' her to file, on June 9, 2018, a Motion to Compel Release of Funds (case #18-66599-PMB Document 37).

10. Motion was granted (Order to Compel Release of Funds[1], case #18-66599-PMB, Document 40); and the house repairs began early September 2019 completing in November 2019. Ten Thousand Four Hundred and Sixty-One Dollars ($10,461.00) of the 203K Contingency Reserve was unused funds (since Plaintiff paid out-of-pocket).

11. The unused Ten Thousand Four Hundred and Sixty-One Dollars ($10,461.00, see Exhibit B) was sent to PennyMac by Academy as required by HUD for a principal reduction, meaning reduction of the One Hundred Twenty-Five Thousand Dollar ($125,000) Real Estate Purchase (Settlement One, Exhibit A, page #1).

12. PennyMac promptly turned the funds to cash and began drawing from it December 2019 (see Exhibit C, pgs 1 and 2).

13. Plaintiff notified PennyMac that she would file fraud charges for conversion of funds if they do not correct the issue. PennyMac applied the Ten

---

[1] Although the order was signed July 8, 2019, repair work did not begin until late August/early September 2019.

Thousand Four Hundred and Sixty-One Dollars ($10,461.00) to principal on what they claimed was in excess of Two Hundred Twenty-One Thousand Dollars (approximately).

14. Since they had already siphoned off  Two Thousand Six Hundred and Ninety-One Dollars and Fifty-Four Cents ($2,691.54) PennyMac sent a 1099-INT to Plaintiff for the funds they converted which I had to file on my 2019 Tax Return (for real though – they actually did this!!!, see Exhibit D, pgs 1 and 2 ).

15. PennyMac's egregious behavior during case #18-66599-PMB began to affect Debtor's health by February 2020 with a concern by her physician that she was beginning to develop high blood pressure.  Debtor (patient) admitted that she was being affected by her mortgage company's behavior and the home conditions that she had been living under.

16. PennyMac increased their pressure with attempts at a Lift of Stay while pyramiding claims based on penalties and a couple of missed payments during COVID-19 and by early June 2020 Debtor was admitted into a hospital intensive care unit in a coma.  The cause was later identified by an endocrinologist as Stress Induced Diabetes 2 which is insulin dependent.  There was never a threat or diagnosis of diabetes in herentire life (now sixty-four (64) years old).

17. PennyMac continued their effort at a Lift of Stay even while Debtor had received a CARES Act forbearance in July 2020.

18. By March 2022, Debtor was approved for a Georgia Homeowner's Assistant Fund (GHAF) Grant in the amount of Fifty-Thousand Dollars ($50,000).  PennyMac

refused to provide the documentation for the funds to correct any arrearages they claimed.

19. PennyMac held off on the submission of the requested documents through March 2023 at which time Debtor's HUD Consultant attended the evidentiary hearing on the Lift of Stay where PennyMac provided a fraudulent letter (meaning they had never sent it to Debtor nor had she ever seen it before that hearing) while PennyMac attorney, Anjali Khosla of Rubin Lublin, LLC claimed they were providing the information for GHAF.

20. At the end of the Hearing, PennyMac was asked if they wanted the Fifty-Thousand Dollars and their attorney Khosla stated she did not want the money.

21. The Lift of Stay was GRANTED; however, the HUD Consultant took the letter and submitted it to GHAF who accepted it as the document required by them. GHAF authorized the Fifty-Thousand Dollars to be released to PennyMac who received the funds on August 25, 2023.  PennyMac started foreclosure proceedings by September 6, 2023.

22. Due to the 'complete mess' that case #18-66599-PMB presented, Plaintiff acting as Pro Se had not choice but to Voluntarily Dismiss without Prejudice and file a new case 23-60775 in order to address the issues that are threatening her very livelihood.

23. Plaintiff has begun having a problem stabilizing her blood sugar over the last five months (November 2023 to March 2024) and is wary of the continued stress, harassment by Defendant contantly listing the house as a foreclosure whereby

trespasser avail based on the publishing of the address in foreclosure papers/magazines, refusal to provide the necessary information for the Court to ascertain the validity of PennyMac's Proof of Claim as well as their claims of non-payment of the mortgage.

24. Plaintiff has already filed Objections to PennyMac Proof of Claim as well as the validity of their joining 203K Hard Cost of Repairs in the amount of Eighty-Four Thousand Eighteen Dollars ($84,018) along with a 203K Contingency Reserve in the amount of Twelve Thousand Six Hundred and Two Dollars ($12,602) totalling Ninety-Six Thousand Six Hundred and Twenty-Dollars ($96,620) in addition to the only real estate transaction on August 8, 2017 then turning it into a 'secured deed in excess of $221,000 and filing it at the Courthouse in Rockdale County, GA.

## VII. TRUE AND ACCURATE ACCOUNTING

1. Plaintiff request a true and accuate accounting of all payments made by Debtor to PennyMac from October 2017 – April 2020.

2. Plaintiff request a true and accuate accounting of all funds forwarded from Academy to PennyMac in November 2018.

3. Plaintiff request a true and accuate accounting of all the funds received on August 25, 2023 on behalf of Debtor from Georgia Homeowner's Assistance Fund.

## VIII. PRAYER FOR RELIEF

WHEREFORE Plaintiff does not have the necessary documentation to ask for the lawful, legal, and appropriate relief that would and should be provided under the direction of a qualified bankruptcy litigating attorney, Plaintiff ask for mercy of the

Court and requests a Constructive Trust (Sorochan v. Sorochan, supra, and Rosenfeldt v. Olson 1 B.C.L.R. (2d) 108, [1986] 3 W.W.R. 403, 25 D.L.R. (4rh) 472 (C.A.). Plaintiff request the court to construct this trust as a remedy and preventative measure against an unjust enrichment while the Bankruptcy process continues. *(Joseph v. Chanin, 940 So. 2d 483 (Fla. 4th DCA 2006) and Wadlington v. Edwards, 92 So. 2d 629 (Fla. 1957).*

Plaitiff makes the Court aware that the stressors that contributed to Plaintiffs admission into intensive care in June 2020 are rearing its 'ugly' head and has caused Plaintiff to realize that the pressures of what she feels is injustice are the contributing factors again.

Plaintiff is a few weeks away from turning Sixty-Eight (68) years old and at this point prefers to retain professional counsel. Plaintiff ask for mercy of the Court to allow Plaintiff time to hire a competent Bankruptcy Litigating Attorney to represent Plaintiff's interests in this adversary matter.

Prepared and presented on March 19, 2024 by

Ms. Tawanna Savage, PRO SE  Debtor / Movant
2254 Old Salem Road, S.E. Conyers, Georgia
30013
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com

IN THE UNITED STATES BANKRUPCTY COURT FOR THE NORTHERN
DISTRICT OF GEORGIA ATLANTA DIVISION

|  |  |  |
|---|---|---|
|  | * | Case No. 23-60775-TJ23 |
| TAWANNA SAVAGE, | * |  |
| Pro Se | * |  |
| Plaintiff, | * | Chapter 13 |
|  | * |  |
|  | * | COMPLAINT |
| vs. | * |  |
|  | * |  |
| PENNYMAC LOAN SERVICES, LLC | * | JUDGE WENDY L. HAGENAU |
|  | * |  |
| Defendant | * |  |

---

## CERTIFICATE OF SERVICE

The undersigned hereby swears or affirms that a copy of the foregoing pleading Complaint and
Request for Adversary Hearing has been mailed to the following with sufficient postage affixed
thereto to ensure delivery by first-class United States mail or by electronic means pursuant to Fed.
R.  Civ. P.(b)(2)(D) and Fed. R. Bankr. P. 9022 upon the following to wit:

Evan Durkovic, Attorney for Creditor
Aldridge Pite, LLP, Six Piedmont Center
3525 Piedmont Road, NE – Suited 700
Atlanta, Georgia  30305

Date: March 19th, 2024

_____
Ms. Tawanna Savage, PRO SE
Debtor / Movant
2254 Old Salem Road, S.E.
Conyers, Georgia 30013
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com

13

10/11/2018

Exhibit
A

Subject:  Savage #5207763 Balance of Renovation Funds

From:  RenovationDraws@academymortgage.com

To:  tawannasavage@yahoo.com

Date:  Wednesday, October 10, 2018, 7:31:12 PM EDT

Good Evening Ms. Savage,

Thank you for taking the time to speak to me regarding your renovation loan.  Below is a breakdown of your renovation funds to show what has been disbursed to date and the balance that remains.

**HARD COSTS**

| | | |
|---|---|---|
| Hard Costs held at closing | $84,018.00 | |
| Hard Costs Disbursed on Draw #1 | $28,104.31 | |
| 10% Holdback on Draw #1 | $ 3,122.70 | Funds being held in suspense |
| Balance | | $52,790.99 |

**CONTINGENCY**

| | | |
|---|---|---|
| Contingency held at closing | $12,602.00 | |
| Balance | | $12,602.00 |

Inspection Fees and Title Update Fees

| | | |
|---|---|---|
| Inspection Fees and Title Update Fees | $ 857.00 | |
| Inspection Fee Disbursed on Draw #1 | $ 222.00 | |
| Balance | | $ 635.00 |

Please feel free to contact me should you have any questions.

Janet J. Murray

Renovations Draw Specialist

339 West 13490 South

Draper, UT 84020

O: 801-555-7030

3

Final Draw on Renovation Loan

*Exhibit B*

From:   Janet Murray (janet.murray@academymortgage.com)

To:   tawannasavage@yahoo.com

Cc:   lsaedi@saedilawgroup.com

Date:   Thursday, November 21, 2019 at 05:14 PM EST

Good Afternoon Ms. Houston,

Per the HUD Consultant the work is 100% complete and the final draw has been submitted to
PennyMac for review and approval.  The excess funds in the amount of $10,461.61 will be
applied to a principal reduction as per the terms of the original agreement.

Thank you,

Renovations Draw Specialist

339 West 13490 South
Draper, UT 84020
O: 801-565-7030
✉ renovationdraws@academymortgage.com



ACADEMY
MORTGAGE CORPORATION

---

Wire Fraud Advisory: Wire fraud and phishing emails are on the rise. If you receive an email
containing wire fraud instructions, call your escrow officer immediately. Academy Mortgage will
never send wire information via a text message or through email.
Confidentiality Notice: This e-mail may contain confidential information for the sole use of the
intended recipient(s). Any review, use, distribution, or disclosure by others is strictly prohibited. If
you are not the intended recipient, please contact the sender and delete all copies of the
message.
Wire Fraud Advisory: Wire fraud and phishing emails are on the rise. If you receive an email
containing wire fraud instructions, call your escrow officer immediately. Academy Mortgage will
never send wire information via a text message or through email.

*Supplemental PennyMac Conversion of Funds*

Payment Date: 01/0112020   Payment Amount

Additional Principal    $
Additional Escrow

—Loan Number: 8013768536

FennyMac@

*Exhibit C*

Other
Total Amount Enclosed $

PENNYMAC LOAN SERVICES, LLC
PO BOX 660929

Please write the loan number oa the front of your check

TAWANNA SAVAGE

DALLAS, TX 75266-0929

RONNIE SKRINE JR

2254 OLD SALEM RD SE
CONYERS, GA 30013-2018

01008013768536700167840100130567b7

P.O. BOX 514387
LOS ANGELES, CA 90051-4387

2/20/20 @ 4:40

Notice Date: 1/21/2020
Loan Number: 8013768536
Check Number: 1607
Check Amount: $1690.00

Tawanna Savage
2254 Old Salem Rd SE
Conyers, GA  30013

Mac: applied funds $10,461
Bal: $204,798.80 Suspense 8,213.44
Trustee:

REGARDING THE LOAN

Thank you for remitting the enclosed check(s). This letter is to inform you that the funds cannot be negotiated.

WHY YOU RECEIVED THIS NOTICE

The enclosed check(s) is/are being returned to you for the following reason(s):

Unable to negotiate (example: check is damaged, not signed, wrong payee, etc.).

WHAT WE NEED FROM you

We understand that this might have been a simple oversight. Based on the specific return reason, you may need to provide the requested information and send the funds back to PennyMac or contact our Customer Service Department toll-free at (800) 777-4001. If you have already contacted PennyMac to resolve this issue, please disregard this letter.

THANK YOU FOR YOUR

1

*Exhibit C*

PennyMac appreciates your business. Our Loan Specialists are available from 6:00 AM to 6:00 PM PT, Monday through Friday, and 7:00 AM to 11:00 AM PT Saturday.

*Conversation w/ Rep _____ @ 10:00-11:30 a.m. 1/31/2020*
*Spent 1 hr on hold attempting to pay. Resending w/ signature*

Toll-Free: (800) 7774001
M- F 6:00 AM - 6:00 PM PT
SAT 7:00 AM - 11:00 AM PT
Toll-Free Fax: (866) 577-7205

Website: www.PennyMacUSA.com
Secure Messaging Online:
Create an account and/or log in to
http://fwww.PennyMacUSA.com,
Zhen look for the Secured Message

Center to communicate with us securely.

Payments:
Standard Address:
P.O. Box 30597
Los Angeles, CA 90030-0597
Overnight Address:

Attn:   Lockbox   Operations
20500 Belshaw Ave.
Carson. CA 90746

Correspondence:
Attn: Correspondence Unit
P.O. Box 514387
Los Angeles, CA 90051-4387
(Please do not send
payments)

Please do not send correspondencey_

Manual Check Return 534

## 2019 Tax Return

From: tawanna savage (tawannasavage@yahoo.com)

To: lsaedi@saedilawgroup.com; legalstaff@saedilawgroup.com

Date: Wednesday, February 5, 2020, 12:15 PM EST

Good Afternoon Lorena,

This is a request for help in a matter related to PennyMac falsely claiming interest payment to me on a 1099-INT in the amount of $2,691.54. A summation is provided below. In essence, I was told that my Bankruptcy Attorney would have to reach out to PennyMac's Bankruptcy Attorney to settle the matter:

During a conversation with PennyMac representative Matthew on January 31, 2020 at 1 1 a.m., I learned that the Ten Thousand Four Hundred and Sixty-One Dollars and Sixty-One Cents ($10,461.61) returned to PennyMac from Academy Mortgage Renovation Draw Specialist Janet Murray [verified as submission] on November 21, 2019. [Ms. Murray notified you by email on November 21, 2019]. As Ms. Murray identified, these funds are to be applied to principal as required by HUD and the terms of the original agreement (see Exhibit 1


*Pg 2*

*EXhibit D*

January 22, 2020

PENNYMAC LOAN SERVICES, LLC
PO BOX 514387
LOS ANGELES, CA 90051-4387

OMB No. 1545-0112

**2019**

Substitute
Form 1099-INT

**Interest Income**

△ 001080      340
TAWANNA SAVAGE
RONNIE SKRINE
2254 OLD SALEM RD SE
CONYERS GA 30013-2018

---

CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br><br>PENNYMAC LOAN SERVICES, LLC<br>P O BOX 514387<br>LOS ANGELES, CA 90051-4387<br>(800)777-4001 | Payer's RTN (optional) | OMB No. 1545-0112<br>**2019**<br>Substitute<br>Form 1099-INT | **Interest Income** |
|---|---|---|---|
| | 1 Interest income<br><br>$2,691.54 | | |
| | 2 Early withdrawal penalty<br><br>$0.00 | | Copy B |
| PAYER'S TIN<br>26-2049351 | RECIPIENT'S TIN<br>XXX-XX-1037 | 3 Interest on U.S. Savings Bonds and Treas. obligations | For Recipient |
| RECIPIENT's name<br>TAWANNA SAVAGE<br>RONNIE SKRINE | 4 Federal income tax withheld<br>$0.00 | 5 Investment expenses<br>$0.00 | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| Street address (including apt. no.)<br>2254 OLD SALEM RD SE | 6 Foreign tax paid | 7 Foreign country or U.S. possession | |
| City or town, state or province, country, and ZIP or foreign postal code<br>CONYERS, GA 30013-2018 | 8 Tax-exempt interest | 9 Specified private activity bond interest | |
| | 10 Market discount | 11 Bond premium | |
| FATCA filing requirement | 12 Bond premium on Treasury obligations | 13 Bond premium on tax-exempt bond | |
| Account number (see instructions)<br>8013768536 | 14 Tax-exempt and tax credit bond CUSIP no. | 15 State | 16 State identification no. | 17 State tax withheld |

Form **1099-INT**      (keep for your records)      www.irs.gov/Form1099INT      Department of the Treasury - Internal Revenue Service

Page 1

*Exhibit D*

| SCHEDULE B<br>(Form 1040 or 1040-SR)<br><br>Department of the Treasury<br>Internal Revenue Service (99) | **Interest and Ordinary Dividends**<br><br>▶ Go to *www.irs.gov/ScheduleB* for instructions and the latest information.<br>▶ Attach to Form 1040 or 1040-SR. | OMB No. 1545-0074<br><br>**2019**<br>Attachment<br>Sequence No. 08 |
|---|---|---|

| Name(s) shown on return<br>TAWANNA SAVAGE | Your social security number<br>XXX-XX-XXXX |
|---|---|

**Part I**

**Interest**

(See instructions and the instructions for Forms 1040 and 1040-SR, line 2b.)

Note: If you received a Form 1099-INT, Form 1099-OID, or substitute statement from a brokerage firm, list the firm's name as the payer and enter the total interest shown on that form.

| | | | | Amount |
|---|---|---|---|---|
| 1 | List name of payer. If any interest is from a seller-financed mortgage and the buyer used the property as a personal residence, see the instructions and list this interest first. Also, show that buyer's social security number and address ▶<br><br>PENNYMAC LOAN | | 1 | 2,692. |
| 2 | Add the amounts on line 1 . . . . . . . . . . . . . . . . . . | | 2 | 2,692. |
| 3 | Excludable interest on series EE and I U.S. savings bonds issued after 1989. Attach Form 8815 . . . . . . . . . . . . . . . . | | 3 | |
| 4 | Subtract line 3 from line 2. Enter the result here and on Form 1040 or 1040-SR, line 2b . . . . . . . . . . . . . . . . . ▶ | | 4 | 2,692. |

Note: If line 4 is over $1,500, you must complete Part III.

**Part II**

**Ordinary Dividends**

(See instructions and the instructions for Forms 1040 and 1040-SR, line 3b.)

Note: If you received a Form 1099-DIV or substitute statement from a brokerage firm, list the firm's name as the payer and enter the ordinary dividends shown on that form.

| | | | | Amount |
|---|---|---|---|---|
| 5 | List name of payer ▶ | | 5 | |
| 6 | Add the amounts on line 5. Enter the total here and on Form 1040 or 1040-SR, line 3b . . . . . . . . . . . . . . . . . | | 6 | |

Note: If line 6 is over $1,500, you must complete Part III.

**Part III**

**Foreign Accounts and Trusts**

Caution: If required, failure to file FinCEN Form 114 may result in substantial penalties. See instructions.

| | You must complete this part if you **(a)** had over $1,500 of taxable interest or ordinary dividends; **(b)** had a foreign account; or **(c)** received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | Yes | No |
|---|---|---|---|
| 7a | At any time during 2019, did you have a financial interest in or signature authority over a financial account (such as a bank account, securities account, or brokerage account) located in a foreign country? See instructions . . . . . . . . . . . . . . . . . . | | ✕ |
| | If "Yes," are you required to file FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR), to report that financial interest or signature authority? See FinCEN Form 114 and its instructions for filing requirements and exceptions to those requirements . . . . . | | |
| b | If you are required to file FinCEN Form 114, enter the name of the foreign country where the financial account is located ▶ | | |
| 8 | During 2019, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If "Yes," you may have to file Form 3520. See instructions . . . . . . . | | ✕ |

For Paperwork Reduction Act Notice, see your tax return instructions.    BAA    REV 04/02/20 PRO    Schedule B (Form 1040 or 1040-SR) 2019

*Page 2*