IN THE UNITED STATES BANKRUPCTY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA
DIVISION

IN RE:

TAWANNA SAVAGE,

Debtor

* DOCKET NO: 23-60775-TJ23

TAWANNA SAVAGE,

Debtor /Pro Se

Filed in U.S. Bankruptcy Court
Northern District of Georgia
Vania S. Allen, Clerk
7:28 pm
APR 1 0 2024
By: _____
Deputy Clerk

## MOTION FOR RECONSIDERATION FROM ORDER OF DISMISSAL

Debtor, Tawanna Savage/Pro Se respectfully request that this Court reconsider the Dismissal of this case for the following reasons:

1. Debtor states that at no time did she provide to the Trustee of the Court that her voluntary dismissal without prejudice was to avoid a foreclosure.

2. Debtor stated at the 341 Meeting of the Creditors that the filing was not done to avoid foreclosure, the filing was due to the Creditor (hereinafter 'PennyMac') receiving a Fifty-Thousand Dollar ($50,000) payment on Debtor's behalf on August 25, 2023, and within two weeks, PennyMac scheduled a foreclosure pushing debtor into bankruptcy;[1]

3. Debtor incurred a medical emergency during the hearing that interfered with her ability to respond to the Trustee's §109(g) claim that Debtor's case required an automatic dismissal. Debtor was becoming incoherent with other medical problems and was removed from the Court via emergency ambulance personnel. For this reason, Debtor Pro Se was unable to finish the hearing and make objections regarding the §109(g).

---

[1] All issues related to this claim are in the pleadings of this case.

1

4. After a two-week plan on continued recovery path, Debtor is making this Motion for Reconsideration.

5. In 1984, Congress enacted section §109(g)(2) to curb the abuse of repetitive filing in order to prevent creditor from acquiring relief. This was for abusive filing. Debtor had been in the same bankruptcy from October 1, 2018, through October 27, 2023.

6. Courts can deny dismissal when the abusing party is the creditor acting in bad faith and not the debtor (In re Richter, No. 10-01260, 2010 WL4272915).

7. §109(g)(2) does not mandate that the Court dismiss the 2nd Bankruptcy Case if the result would be absurd, inequitable, or unfair when the literal language of the statute operates more inclusively than Congress intended (In re Richardson, 217 B.R. at 482; see also In re Luna, 122 B.R. at 577 holding that §109(g)(2) would reward creditors for acting in bad faith and punish debtors for acting in good faith.

8. Debtor dismissed the first case that was entirely unrelated to the creditor's motion for relief from automatic stay, the debtor dismissed the case pursuant to creditor receiving Fifty-Thousand Dollar ($50,000) payment on Debtor's behalf without accountability and refusing to apply the funds with obvious misappropriations (In re Duncan, 461 B.R. at 142). PennyMac's claim that Debtor owed over $34,000 in arrears is the cause of the filing under a RESPA claim.

9. Bankruptcy Courts are Courts of Equity[2]; interpretation of the automatic dismissal language creates due process problems leading to unduly harsh results and rises up against due process protections afforded by the constitution."[3]

---

[2] See, e.g., Granfinanciera v. Nordberg, 492 U.S. 33, 81 (1989) ("Indeed, we have stated that „bankruptcy courts are inherently proceedings in equity.'""); SEC v. U.S. Realty & Improvement Co., 310 U.S. 434, 455 (1940) ("A bankruptcy court is a court of equity, and is guided by equitable doctrines and principles except in so far as they are inconsistent with the Act."); Pepper v. Litton, 308 U.S. 295, 304 (1939) ("[A] bankruptcy court is a court of equity at least in the sense that in the exercise of the jurisdiction conferred upon it by the act, it applies the principles and rules of equity jurisprudence." ); Local Loan Co. v. Hunt, 292 U.S. 234, 240 (1934) ("Courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity."); In re Beaty, 306 F.3d 914, 922 (9th Cir. 2002) ("[A] bankruptcy court is a court of equity and should invoke equitable principles and doctrines, refusing to do so.

[3] 11 U.S.C. § 521(a)(1)(B).

10. The Fifth Amendment to the United States Constitution provides that no individual shall be deprived of "life, liberty, or property, without due process of law."[4]

11. The Supreme Court has long held that "due process" embodies both a substantive element and a procedural element—that the law be implemented in a fair manner. [5]

12. By dismissing Debtor's bankruptcy case without a completed hearing, the Court has deprived the debtor of "property."[6]

13. Bankruptcy proceedings must conform to the restrictions of the Constitution, which means that it may not deprive someone of an interest to which they are otherwise entitled without a procedure to determine the basis for the deprivation."[7]

14. Once Congress has created a bankruptcy system and given qualified individuals an expectation of receiving benefits under it, Congress cannot deprive particular individuals of their right to receive continuing benefits without providing them with due process.[8]

15. Debtor filed bankruptcy and therefore has a property right or entitlement resulting from the expectation of receiving continuing benefits under the bankruptcy system that Congress created. Congress has no obligation to create a bankruptcy system, but once it does so, it must provide debtors with due process before depriving them of continuing benefits.

16. It is important to distinguish between a challenge to the substantive rules adopted by Congress for dismissal and the procedures adopted by Congress for dismissal. the issue is whether Congress has established adequate procedures to protect against the wrongful deprivation of the benefit—the wrongful dismissal of the case.[9]

---

[4] U.S. CONST. amend. V.
[5] See United States v. Salerno, 481 U.S. 739, 746 (1987); Mathews v. Eldridge, 424 U.S. 319, 332-33 (1976).
[6] See, e.g., Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 59 (1999) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in „property" or „liberty." . . . Only after finding the deprivation of a protected interest do we look to see if the State "s procedures comport with due process.") (internal citations omitted); Mathews v. Eldridge, 424 U.S. at 332
[7] JOHN E. NOWACK & RONALD D. ROTUNDA, CONSTITUTIONAL LAW 595 (Thompson West 7th ed. 2000) [hereinafter NOWACK & ROTUNDA].
[8] Graham v. Richardson, 403 U.S. 365, 374 (1971). See also Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Bell v. Burson, 402 U.S. 535, 539 (1971)
[9] See, e.g., Zinermon v. Burch, 494 U.S. 113, 125-26 (1990) ("„Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property."" (emphasis added) (quoting Carey v. Piphus, 435 U.S. 247, 259 (1978))).

17. Debtor filed bankruptcy and therefore has a property right or entitlement resulting from the expectation of receiving continuing benefits under the bankruptcy system that Congress created. Congress has no obligation to create a bankruptcy system, but once it does so, it must provide debtors with due process before depriving them of continuing benefits.

18. The Fourteenth Amendment requires, however, that Debtor Pro Se receives an opportunity . . . granted at a meaningful time and in a meaningful manner," for [a] hearing appropriate to the nature of the case."" Debtor Pro Se was denied this opportunity when the case was dismissed prior to Debtor's medical treatment to stabilize her condition.

19. The Bankruptcy Code's requirement that the case "shall be automatically dismissed" is unconstitutional because it deprives parties of the Fifth Amendment's due process right to a pre-deprivation hearing 11 U.S.C. § 521(i)(1).

WHEREFORE, the Debtor request this Court grant her MOTION FOR RECONSIDERATION FROM ORDER OF DISMISSAL.

This 5th day of April 2024.

*Tawanna Savage*

Tawanna Savage, Debtor Pro Se
2254 Old Salem Road, S.E.
Conyers, Georgia 30013
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com

IN THE UNITED STATES BANKRUPCTY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA
DIVISION

IN RE:

TAWANNA SAVAGE,

Debtor.

TAWANNA SAVAGE,

DOCKET NO: 23-60775-TJ23

Debtor / Pro Se,

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served all parties of record in the instant matter with a copy of the enclosed Motion For Reconsideration of Dismissal via Regular Mail to the Trustee below and to all listed on the Matrix attached.

Ms. Melissa J. Davey Standing
Chapter 13 Trustee
233 Peachtree Street, N.E.
Suite 2255
Atlanta, Georgia 30303

Submitted this 5th, day of April 2024.

_____
Tawanna Savage
Attorney Pro Se for the Debtor
2254 Old Salem Road, S.E.
Conyers, Georgia 30013
Phone: (678) 629-1974
Email: tawannasavage@yahoo.com

5